IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTOR W. TALMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-160-GMS |
| | ) |
| PARALEGAL JONI L. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Victor W. Talmo ("Talmo"), a prisoner incarcerated at Sussex Correctional Institution ("SCI"), Georgetown, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### I.   THE COMPLAINT

Talmo brings this suit alleging that he entered into a contract with Joni L. Johnson ("Johnson") for paralegal services. Talmo alleges that Johnson was hired to file a habeas corpus petition, but that she breached the contract by not timely filing the petition in federal court.

Talmo seeks return of monies he paid to Johnson and any other relief the court deems appropriate.

### II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.  ANALYSIS

The complaint is brought against Johnson, an individual who was to provide paralegal services to Talmo. Unfortunately for Talmo, she is not a "state actor" at that term is defined under § 1983.

To state a claim under 42 U.S.C. §1983, Talmo must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Johnson is a private individuals who contracted with Talmo to provide him with paralegal services. Quite simply, she is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Accordingly, she is not amenable to suit under § 1983.

Talmo fails to state a § 1983 claim against Johnson. The complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). Talmo's avenue of relief for his breach of contract claim lies in state court.

IV.   **CONCLUSION**

For the above stated reasons the court finds that the complaint fails to state a claim pursuant to 42 U.S.C. § 1983.   An appropriate order will be entered dismissing the case

UNITED STATES DISTRICT JUDGE

January 17, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTOR W. TALMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-160-GMS |
| | ) |
| PARALEGAL JONI L. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 17th day of January, 2006, for the reasons set forth in the Memorandum issued this date Talmo's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

_____
UNITED STATES DISTRICT JUDGE